FILED

2026 May-18  PM 12:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

RONALD LELDON DOTSON,

     **Plaintiff,**

**v.**

     **Case No. 5:25-cv-458-HDM**

FORD MOTOR COMPANY,

     **Defendant.**

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Leldon Dotson commenced this action in the Circuit Court of Morgan County, Alabama, (doc. 1-1), and Defendant Ford Motor Company ("Ford") subsequently removed it to this court, (doc. 1). After the close of discovery, Ford moved for summary judgment on all counts, (doc. 18), but, without reaching the merits of Ford's motion, the court finds that Dotson's complaint is due to be **DISMISSED WITHOUT PREJUDICE** for his failure to prosecute.

The merits of Dotson's complaint are not before the court at this time: for purposes of this Memorandum Opinion, it is sufficient to note that Ford moved for summary judgment on all of Dotson's claims, *id.*, the court ordered Dotson to

respond,[1] (doc. 23), and, when he did not do so in accordance with the court's schedule, the court ordered him to show cause why his case should not be dismissed for failure to prosecute, (doc. 24).[2] Just as he did not comply with the court's order to respond to Ford's motion for summary judgment, Dotson—who has been represented by counsel for the duration of this matter—did not respond to the show-cause order. As of the date of this Memorandum Opinion, he has taken no action in this case in more than six months.

"A district court need not tolerate defiance of reasonable orders," *Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv. Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009), and certainly not orders designed to assess whether there is a "genuine dispute as to any material fact and [Ford] is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it," Fed. R. Civ. P. 41(b), and the Eleventh Circuit has held that a court may act *sua sponte* pursuant to this rule as part of its inherent authority to manage its own docket, *see, e.g., Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an

---

[1] The court did not merely give him the option to respond, but, rather, used mandatory language to impose an unwaivable obligation: "Ronald Leldon Dotson **SHALL** respond to Defendant Ford Motor Company's Motion for Summary Judgment." (Doc. 23).

[2] The court also contacted Dotson's counsel directly by email but did not receive a response.

order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

A dismissal for failure to prosecute should be with prejudice "only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd.*, 432 F.3d at 1337–38 (citation and quotation marks omitted). Negligence is insufficient to support a dismissal with prejudice, *Powell v. Siegal*, 447 F. App'x 92, 93 (11th Cir. 2011) (per curiam), and this court generally does not find "a clear pattern of delay or willful contempt," *Betty K Agencies, Ltd.*, 432 F.3d at 1338, unless the plaintiff has demonstrated sustained, recurring disobedience, *compare Barker v. Fabarc Steel Supply Inc.*, No. 1:23-cv-625, 2025 WL 480798, at *1 (N.D. Ala. Feb. 12, 2025) (dismissing a complaint with prejudice because the plaintiff "repeatedly failed to respond to filings and court orders"), *with Eidson v. Albertville Auto Acquisitions, Inc.*, No. 4:19-cv-459, 2022 WL 3229950, at *4 (N.D. Ala. Aug. 10, 2022) (dismissing a complaint without prejudice because "months of . . . inaction . . . argues in favor of deeming that delay to be the result of 'negligence' rather than 'willful contempt.'").

This court is not obliged to overlook Dotson's failure to follow two direct, unambiguous orders, *Equity Lifestyle Props., Inc*, 556 F.3d at 1241, and the court finds that his complaint is due to be dismissed pursuant to Rule 41(b), Fed. R. Civ.

3

P. 41(b), and, by extension, its own inherent authority, *Betty K Agencies, Ltd.*, 432 F.3d at 1337, for his failure to prosecute. The record of the case does not permit the court to find that Dotson demonstrated a clear, sustained pattern of delay or willful contempt, *id.* at 1337–38, and it is equally likely that he acted with mere negligence, *Powell*, 447 F. App'x at 93. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** for Dotson's failure to prosecute. The court will enter a separate final judgment.

**DONE** and **ORDERED** on May 18, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE

4